IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 15-00132 SOM |
| | ) | Civ. No. 19-00174 SOM/RT |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT BOBBY |
| vs. | ) | RICKS'S MOTION UNDER 28 U.S.C. |
| | ) | § 2255 AS UNTIMELY; ORDER |
| | ) | DECLINING TO ISSUE A |
| BOBBY RICKS, JR. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT BOBBY RICKS'S MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY; ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.    INTRODUCTION.**

On February 19, 2015, the grand jury indicted Defendant Bobby Ricks, Jr., for drug-related crimes. *See* ECF No. 76. On September 28, 2015, before a Magistrate Judge, Ricks pled guilty without a plea agreement to both counts of the Indictment. *See* ECF Nos. 104-06. The tape recording of that change of plea hearing indicates that: 1) there had been plea discussions, but that there was no plea agreement; 2) no promises had been made to Ricks to get him to plead guilty; 3) Ricks was told that he was subject to a minimum mandatory sentence of ten years of imprisonment and a maximum sentence of life imprisonment for his convictions, as well as a term of supervised release ranging from five years to life; 4) Ricks was told what the elements of his crimes were; and 5) Ricks understood that the sentencing judge

would determine the applicable sentencing guidelines, did not have to follow the guidelines, and could sentence him up to the maximum terms.

On October 21, 2015, this judge accepted Ricks's plea of guilty and judged him guilty of the two counts. *See* ECF No. 108. On February 22, 2016, this judge sentenced Ricks to 200 months of imprisonment, five years of supervised release, and a $200 special assessment. *See* ECF No. 122. In the process, the court adopted the Presentence Investigation Report and granted the Government's motion for downward departure. *Id.* Judgment was entered the following day, May 23, 2016. *See* ECF No. 125. On July 11, 2016, Ricks asked this court to modify or reduce his sentence. *See* ECF No. 129. On August 22, 2016, the court denied Ricks's motion for modification or reduction of his sentence. *See* ECF No. 134. Ricks did not appeal his conviction or sentence.

On April 5, 2019, years after Ricks's judgment became final, Ricks filed the present motion seeking relief from his judgment and sentence under 28 U.S.C. § 2255. *See* ECF No. 135. Section 2255 provides for a motion by an incarcerated federal defendant to vacate, set aside, or correct a sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

2

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

The Government's response to Ricks's § 2255 motion is that it is untimely. *See* ECF No. 137. The court agrees and denies Ricks's § 2255 motion.

**II.      THE COURT DENIES RICKS'S § 2255 MOTION.**

A motion under § 2255 must be filed within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ricks does not dispute that his petition was filed more than one year after his conviction became final. However, he argues that his petition is timely because it was filed within a year of his discovery of facts, that the running of the

limitations period should be equitably tolled, and that he is allowed to bring an actual innocence claim under the "escape hatch" exception to the limitations period. None of Ricks's arguments is persuasive.

### A. Ricks Fails to Demonstrate That His Petition Was Timely Filed.

Ricks initially argues that, pursuant to § 2255(f)(4), his motion is timely because it was filed within one year of his discovery of the facts underlying his claim. Ricks is unpersuasive because he does not demonstrate that he filed his motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The Eighth Circuit has explained that, to invoke the one-year limitations period in § 2255(f)(4), a petitioner must show that he or she acted with diligence to discover the new fact(s) on which a claim is based. While due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, it does require the movant to have made reasonable efforts to discover the facts supporting the claim. *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008). *Accord Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (noting that § 2255(f)(4) "does not require the maximum feasible diligence, only due, or reasonable, diligence" (quotation marks

and citation omitted)). While Ricks says he has "newly discovered" evidence supporting his claims, he does not demonstrate that he exercised reasonable diligence in discovering that evidence.

In Grounds One and Two, Ricks asserts that his counsel was ineffective because he told Ricks that Ricks would be sentenced to less than 10 years, but he was actually sentenced to 200 months of imprisonment. Ricks also contends that his counsel did not tell him that this judge might determine that he was a manager or organizer, which would increase Ricks' offense level. Ricks says his counsel was ineffective in failing to object to the manager/organizer points and in failing to have the drugs tested after Ricks had asked for such testing. Finally, Ricks asserts that his counsel was ineffective in advising Ricks that he would receive three points off his offense level based on acceptance of responsibility and the safety valve. Ricks received only a two-level reduction for acceptance of responsibility. The additional one point reduction was not awarded because of his obstruction of justice in having absconded while under court supervision. Because Ricks knew about each of these matters the day he was sentenced, he cannot plausibly argue that he only discovered them within a year of the filing of his § 2255 motion.

While Ricks claims that he only recently received e-mails between his counsel and the Assistant United States Attorney supporting his claim that he was advised that he would receive an additional third point off his offense level for acceptance of responsibility, Ricks knew at his sentencing proceeding how this court was treating the acceptance of responsibility guideline. Nor does Ricks indicate when he asked to see his counsel's file or any evidence of communications with the Assistant United States Attorney.

In Grounds Three and Four, Ricks asserts that his sentence was miscalculated because he received a four-level increase in his offense level for being an organizer or manager of the criminal activity, that he was convicted of conspiracy without having any co-defendants, and that he was not properly informed of the elements of his crimes. These are all matters that Ricks knew or with reasonable diligence should have known about at his sentencing or at the time he could have appealed.[1]

For example, Ricks's Presentence Investigation Report proposes that Ricks receive a four-level increase in his offense level because he was an organizer or leader of a criminal activity. *See* ECF No. 109, PageID # 181. On December 28, 2015,

---

[1] Because Ricks did not raise these alleged errors on appeal, he is procedurally barred from raising them, as he makes no attempt to demonstrate both "cause" for the delay in raising the issues and "prejudice" resulting from the alleged errors. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).

6

Ricks submitted a handwritten motion to remove the four-level increase proposed in the Presentence Investigation Report, demonstrating that he knew about the proposed enhancement before his sentencing on February 22, 2016. *See* ECF No. 112.

The same handwritten motion also notes the lack of co-conspirators in this case. *See id.* The lack of co-conspirators is not dispositive. As well-established Ninth Circuit precedent indicates, "the prosecution may decide to prosecute only one member of the conspiracy, or an accused may be found guilty of a conspiracy if there is sufficient evidence of an unnamed unindicted co-conspirator." *See United States v. Sangmeister*, 685 F.2d 1124, 1127 (9th Cir. 1982) (quotation marks and citation omitted). Ricks appears to be confusing the absence of co-defendants with an absence of co-conspirators. In any event, the lack of co-defendants was known to Ricks at the time of his sentencing. He therefore cannot now argue that he only recently discovered the lack of co-defendants.

Ricks indicated at his change of plea hearing his understanding that, had the matter gone to trial, the Government, to establish the applicability of the mandatory minimum sentence, would have had to prove beyond a reasonable doubt the type of drug involved, its purity, and its weight, precluding his argument that he had no such knowledge. Given these circumstances, Ricks cannot now plausibly argue that he did not

7

discover these matters until a year of the filing of his § 2255 motion.

### B. Ricks Fails to Demonstrate That the Limitation Period Should be Equitably Tolled.

Because there is a one-year limitation period for motions under 28 U.S.C. § 2255, and because Ricks did not file the present motion within that one-year period, Ricks's § 2255 motion must be denied unless Ricks demonstrates that the limitation period should be equitably tolled. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014) ("after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quotation marks and citations omitted)); *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010) ("Even though Aguirre's section 2255 motion was untimely, we may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist."). "[T]he threshold necessary to trigger equitable tolling . . . is very high." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

Ricks does not demonstrate that he has been diligently pursuing his rights or that extraordinary circumstances exist. At most, he says that his conviction and sentence were procured through a fraud on the court by his attorney and the Assistant United States Attorney. But Ricks does not clearly explain what that fraud is. *See* ECF No. 135, PageID # 406. It appears that Ricks is arguing that, by pleading guilty without a plea agreement, he thought he was going to get three points off his offense level for acceptance of responsibility, get two points off his offense level under the safety valve, and not get four points for being a manager/organizer. But this judge's sentence does not amount to a fraud on the court. Ricks was told that this judge would decide how the sentencing guidelines would be applied to him.

### C. Ricks Fails to Show the Applicability of the Escape Hatch.

Rick's § 2255 motion also relies on the "escape hatch" in arguing that his petition is timely. The "escape hatch" or "savings clause" is a reference to the right of a federal prisoner to seek relief under § 2241 when the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "escape hatch" or "savings clause" is an exception to the exclusivity of § 2255 to test the legality of a federal prisoner's detention. *See Ivy v. Pontesso*,

328 F.3d 1057, 1059 (9th Cir. 2003). The "escape hatch" is satisfied only when a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quotation marks and citation omitted). "In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060.

The Ninth Circuit has characterized the "escape hatch" as "narrow," noting that "§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Id.* at 1059. Similarly, the expiration of the one-year statute of limitations with respect to motions under § 2255 does not make § 2255 an inadequate or ineffective remedy. *See Ferguson v. Palmateer*, 321 F. 3d 820, 823 (9th Cir. 2003); *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); *Bradley v. Copenhaver*, 2014 WL 6819542, at *4 (E.D. Cal. Dec. 2, 2014) ("although the one-year limitations period for § 2255

motions under 28 U.S.C. § 2255(f) has run since his conviction, that also does not render § 2255 inadequate or ineffective"). Ricks therefore fails to establish the applicability of the escape hatch.

Additionally, Ricks's "escape hatch" argument fails because a motion under 28 U.S.C. § 2241 must be brought in "the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("a habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . , even if the § 2241 petition contests the legality of a sentence by falling under the savings clause"). Ricks indicates in his moving papers that he is being housed in Lompac, California. While this court could transfer the matter to the custodian court, any such transfer would be futile, as Ricks fails to demonstrate the applicability of the "escape hatch" at all.

Even if time and venue were not problematic, Ricks misunderstands the actual innocence exception. In *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013), the Supreme Court noted:

> a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief. This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.

11

*Id.* (quotation marks and citation omitted). This actual innocence exception is inapplicable here.

Ricks is not arguing that he was innocent of the drug crimes charged. Instead, he is arguing that his counsel was ineffective in failing to properly advise him of how the sentencing guidelines might be applied, that he did not know he would receive extra offense level points for being an organizer or manager, that he did not know that the Government had agreed to deduct a third point for acceptance of responsibility, and that his guideline range was miscalculated. None of these claims involves an assertion of actual innocence. *See United States v. Jones*, 758 F.3d 579, 586 (4th Cir. 2014) ("we conclude that *McQuiggin* does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction").

Ricks's § 2255 motion is therefore denied as untimely.

### III. THE COURT DECLINES TO ISSUE RICKS A CERTIFICATE OF APPEALABILITY.

The court declines to grant Ricks a certificate of appealability. An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). The court shall issue a certificate of appealability "only if the applicant has made a substantial

12

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a § 2255 petition on the merits, a petitioner, to satisfy the requirements of section 2253(c)(2), "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, however, a

> district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id.

Because no reasonable jurist would find debatable this court's determination that Ricks's motion is untimely, the court declines to issue Ricks a certificate of appealability.

**IV. CONCLUSION.**

Ricks has failed to demonstrate that his claims were timely asserted, that the limitations period should be equitably tolled, or that the "escape hatch" applies. This court denies Ricks's § 2255 motion as untimely. The court also declines to issue Ricks a certificate of appealability. The Clerk of Court is directed to enter judgment in favor of the United States in Civil No. 19-00174 SOM/RT.

13

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 18, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Ricks, Jr., Crim. No. 15-00132 SOM and Civ. No. 19-00174 SOM/RT; ORDER DENYING DEFENDANT BOBBY RICKS'S MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY; ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY