IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 15-132 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| BOBBY RICKS, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I.    INTRODUCTION.**

After pleading guilty to one count of distributing 500 grams or more of cocaine and one conspiracy count based on the underlying distribution offense, Defendant Bobby Ricks was sentenced to 200 months of imprisonment. He has served approximately five years of his sentence, and, with anticipated good time credit, has a projected release date of July 31, 2029. That is, he has served considerably less than half of his sentence. He now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Ricks's request is based on the COVID-19 pandemic. He is 47 years old and identifies no underlying medical conditions that make him vulnerable to developing complications if he contracts COVID-19. On the present record, this court cannot conclude that the pandemic is an extraordinary and compelling

circumstance that warrants the dramatic reduction Ricks seeks in his sentence.

**II.      ANALYSIS.**

Ricks' compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with

the Sentencing Commission's policy statements.  *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

>   **A.    Ricks has not demonstrated that extraordinary and compelling circumstances justify his early release.**

Without resolving the parties' dispute about whether Ricks has satisfied the exhaustion requirement, this court concludes that Ricks has not satisfied the second requirement.[1] He fails to show extraordinary and compelling reasons warranting a sentence reduction.

Ricks argues that he should be released because of the threat COVID-19 poses to his health.  He admits, however, that he "currently does not have a medical condition that makes him particularly vulnerable to COVID-19."  ECF No. 149, PageID # 463.  At 47 years old, he is not in a high risk group.  According to the CDC, "the risk for severe illness from COVID-19 increases with age, with older adults at highest risk."  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/

---

[1] Ricks submitted an email request for compassionate release to the Bureau of Prisons more than 30 days before filing his motion.  However, that request cited no ground for early release and made no reference at all to the coronavirus.  The Government argues that that request does not constitute exhaustion.  This court views the exhaustion prerequisite as a statutory claims-processing requirement, not a matter of subject matter jurisdiction.  *See United States v. Drummondo-Farias*, 2020 WL 2616119, at *3 (D. Haw. May 19, 2020).  While any jurisdictional issue would have to be addressed at the outset, this court sees no need to address exhaustion before looking to whether there are extraordinary and compelling circumstances warranting early release.

older-adults.html (last visited July 7, 2020).  Nothing else in the record suggests that Ricks is particularly vulnerable to complications relating to the coronavirus.

This court also considers the time remaining on Ricks's sentence.  Ricks has served about five years of a twenty-year prison sentence and, even with anticipated good time credit, still has at least nine years remaining.

While Ricks acknowledges that the coronavirus does not present a unique danger to him, he contends that he should be released solely because, about a month ago, the virus was spreading quickly at USP Lompoc.  *See* ECF No. 149, PageID # 463.  COVID-19 was indisputably widespread at USP Lompoc then, but the number of active cases is now considerably reduced.  Whether that is because many inmates now have immunity, because the facility is doing better at controlling the spread, or (of greater concern) because the facility is failing to detect new cases, this court at this point has a record that is less serious than it would have been earlier.  Ricks's argument would justify the release of every inmate currently housed at USP Lompoc.  This court has ordered the release of other USP Lompoc inmates, but § 3582(c)(1)(A) permits a court to order a reduction of sentence only under extraordinary and compelling circumstances justifying that reduction.  An argument that would justify a widespread release of inmates cannot be reconciled with the statute's text.

Widespread release might be available through other (possibly civil) proceedings. But § 3582(c)(1)(A) requires an individualized assessment of Ricks's circumstances. Given how little of his sentence he has served, the absence of risks relating to any medical condition, and what appears to be the lessened presence of COVID-19 at USP Lompoc, this court concludes that Ricks does not make the showing required by § 3582(c)(1)(A) of extraordinary and compelling circumstances that warrant early release.

**III.      CONCLUSION.**

Ricks's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, July 8, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Ricks*, Cr. No. 15-132 SOM; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE