IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 15-00132 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| BOBBY RICKS, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I.    INTRODUCTION.**

In February 2016, this court sentenced Defendant Bobby Ricks to 200 months of imprisonment after he entered a plea of guilty to one count of distributing 500 grams or more of methamphetamine and one count of conspiring to distribute 500 grams or more of methamphetamine and cocaine. *See* ECF Nos. 122, 125. *Id.* Ricks has served a little more than 76 months of his 200-month sentence (approximately 38%) and, with anticipated good time credit, has a projected release date of July 31, 2029. *See* https://www.bop.gov/inmateloc/ (input Register Number 16026-022) (last visited September 13, 2021).

Ricks is currently incarcerated at Safford FCI in Arizona. *Id.* As of the morning of September 13, 2021, Safford FCI has no active COVID-19 cases in its inmate population and 6 active COVID-19 cases in its staff, with 504 inmates and 41 staff

members having recovered from it.  No inmates at Safford FCI have died from COVID-19.  See https://www.bop.gov/coronavirus/ (September 13, 2021).  Additionally, as of the morning of September 13, 2021, 581 out of 805 inmates (72.2%) and 101 staff members at Safford FCI have been fully vaccinated against COVID-19.  *Id.*; https://www.bop.gov/locations/institutions/saf/ (last visited September 13, 2021).

On April 14, 2021, Ricks was offered but declined to receive a COVID-19 vaccination.  *See* ECF No 167, PageID # 913. Ricks declined the vaccine because it was offered to him during Ramadan, when he says his Muslim religion did not allow him to put it into his body between sunrise and sundown.  *See* ECF No. 173.  Ricks has not asked to receive the vaccine since declining it in April and has not claimed that his religion continues to prevent him from receiving it.  According to an official at Safford FCI, had Ricks requested a COVID-19 vaccination, he would have received it within a week of his request.  *See* Decl. of Rebecca A. Perlmutter ¶ 5.

Ricks moves a second time for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  In his previous request for compassionate release, Ricks, then 47 years old, identified no underlying medical conditions making him vulnerable to developing complications if he contracted COVID-19.  This court denied that request, concluding that extraordinary and compelling

circumstance did not warrant a reduction in Ricks's sentence. *See* ECF No. 139, ECF No. 177-1, PageID # 963.

Ricks's second request for compassionate release is again based on the COVID-19 pandemic.  This time Ricks identifies medical conditions (hypertension, asthma, and obesity) placing him at a higher risk of a severe case of COVID-19.  *See* ECF No 167, PageID # 845 (indicating some elevated blood pressure readings), PageID #s 793, 907 (indicating a recent diagnosis of asthma, but not indicating its severity); ECF No. 163, PageID # 637 (indicating that Ricks weighs 236 pounds); Supp. Memo, ECF No. 160, PageID # 575 (citing Pretrial Investigation Report, ECF No. 111, PageID # 220, for Ricks's height of 5' 10"); https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (indicating that the Body Mass Index for a person who is 5' 10" and 236 pounds is 33.9, or obese).

Ricks previously contracted COVID-19.  *See* ECF No. 163, PageID # 645.  He is in a facility with no inmates who have active cases of COVID-19 and where 72.2% of the inmates have been vaccinated.  Given the availability of the vaccine to him and the absence of any indication that he has reasons to decline the vaccination, this court again denies Rick's request for compassionate release, concluding that extraordinary and compelling circumstance are still lacking.

**II.     ANALYSIS.**

Ricks's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion). *See United States v. Balgas*, 2021 WL 2582573, at *1 (D. Haw. June 23, 2021)

*United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

### A. Ricks Has Satisfied the Exhaustion Requirement of 18 U.S.C. § 3582(c)(1)(A).

Ricks submitted a compassionate release request to the warden of his prison on April 25, 2021.  *See* ECF No. 155, PageID # 561.  The Government concedes that Ricks "has met the mandatory claims processing exhaustion requirement" of 18 U.S.C. § 3582(c)(1)(A).  *See* ECF No. 164, PageID # 757.  The court therefore rules that Ricks has satisfied the prison exhaustion requirement of § 3582(c)(1)(A).

### B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the

discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *Balgas*, 2021 WL 2582573, at *2; *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *Balgas*, 2021 WL 2582573, at *2;; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

The Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy

6

statements that are binding on this court, they may inform this court's discretion. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

        **C.    Ricks Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release, or That the Requested Reduction Would Be Consistent with Any Applicable Sentencing Commission Policy Statement.**

Ricks contends that this court should exercise its discretion and find that extraordinary and compelling circumstances justify his early release. He relies primarily on the risks he faces if he contracts COVID-19. While the court acknowledges the seriousness of Ricks's concern, the COVID-19 pandemic does not justify early release under the circumstances presented here.

Ricks's medical conditions (obesity and hypertension) can make him "more likely to get severely ill from COVID-19," meaning that he may be more likely to need hospitalization, intensive care, or a ventilator to help him breathe, or might even die from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 13, 2021). While the record does not indicate that Ricks's asthma is of the necessary severity (moderate to severe) to make him more likely to get severely ill from COVID-19, *see id.*, the court already considers him at risk of a severe case of COVID-19. But

Ricks's medical conditions, standing alone, are not exceptional and compelling reasons warranting a reduction in sentence at this time.

Several factors potentially reduce the risks that Ricks faces. First, at 48 years old, Ricks is not in the highest risk category based on his age. *See* https://www.cdc.gov/aging/covid19/covid19-older-adults.html ("Older adults are more likely to get very sick from COVID-19. Getting very sick means that older adults with COVID-19 might need hospitalization, intensive care, or a ventilator to help them breathe, or they might even die. **The risk increases for people** in their 50s and increases in 60s, 70s, and 80s. People 85 and older are the most likely to get very sick.") (last visited September 13, 2021).

Second, Ricks has already had COVID-19, but did not have a severe case of it. According to the CDC, "Cases of reinfection with COVID-19 have been reported, but remain rare." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited September 13, 2021). The court recognizes, of course, that the Delta variant of COVID-19 is more contagious than previous variants and that it may cause more severe illnesses, particularly to unvaccinated individuals. *See* https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited September 13, 2021). According to a study on

8

the CDC website, unvaccinated individuals may be more than twice as likely to get reinfected as vaccinated individuals.  *See* https://www.cdc.gov/mmwr/volumes/70/wr/mm7032e1.htm?s_cid=mm7032e1_w (last visited September 13, 2021).  This means that Ricks is rightly concerned about a reinfection, especially a reinfection with the Delta variant.  It is therefore puzzling that Ricks has chosen to remain unvaccinated.

In April 2021, the BOP offered to vaccinate Ricks against COVID-19.  He declined.  Ricks explains that, as a Muslim, he was not allowed at that time to put anything into his body from sunrise to sundown, as it was Ramadan.  The court assumes here that the vaccine was not offered before sunrise or after sundown.  What Ricks has not explained is why he has not requested a COVID-19 vaccination since then.  Had he done so, he would have received it within a week.

Safford FCI has at this point no active cases of COVID-19 in its inmate population and only 6 active cases of COVID-19 among staff members (who are presumably staying home if actively infected).  The large number of inmates and staff at Safford FCI who have recovered from it demonstrate that Safford FCI earlier had a significant COVID-19 problem, a problem that has apparently been reduced but certainly not eliminated.  While the relatively low number of current COVID-19 cases may alleviate Ricks's risk of exposure to COVID-19, especially when 72.2% of the inmate

9

population at Safford FCI has been fully vaccinated against COVID-19, it is that very risk that Ricks cites in seeking compassionate release.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a), one of which is particularly relevant.  Ricks has been incarcerated for only about 38% of the 200-month sentence that the court considered appropriate.

The court notes that Ricks has completed a handful of self-help courses while incarcerated.  *See* ECF No. 160-3, PageID #s 618-23.  Additionally, Ricks does not appear to have had disciplinary issues while incarcerated, indicating that Ricks may not continue to pose a danger to the community if released.  Ricks plans to live with his mother in California and to work for his stepfather.  *See* ECF No. 160, PageID # 582.  But these circumstances are not extraordinary or compelling such that compassionate release is appropriate at this time.  Under § 3582(c)(1)(A), it is only extraordinary and compelling reasons that justify a reduction in an inmate's sentence.

Having considered the amount of time remaining on Ricks's sentence, his history, the totality of the medical information he has submitted, the circumstances at his facility, and the availability of the vaccine, this court determines that the reasons raised by Ricks do not rise to the level of being

extraordinary and compelling reasons warranting a reduction in his sentence at this time.

### III.        CONCLUSION.

Ricks's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, September 13, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Ricks*, Cr. No. 15-132 SOM; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE