IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>          Plaintiff,         )<br>                              )<br>                              )<br>     vs.                      )<br>                              )<br>                              )<br>BOBBY RICKS, JR.,             )<br>                              )<br>          Defendant.          )<br>_____)| CR. NO. 15-00132 SOM<br><br>ORDER DENYING DEFENDANT'S<br>THIRD MOTION FOR<br>COMPASSIONATE RELEASE |

**ORDER DENYING DEFENDANT'S THIRD
MOTION FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

Bobby Ricks, Jr., pled guilty to one count of distributing 500 grams or more of cocaine and one conspiracy count based on the underlying distribution offense.  In February 2016, this court sentenced him to 200 months of imprisonment, 5 years of supervised release, and a $200 special assessment.  *See* ECF Nos. 122, 125.  Ricks has served about half of that sentence and is being housed at Victorvile Medium II FCI, and has a projected release date of September 10, 2028.  *See* https://www.bop.gov/inmateloc/ (input Register Number 16026-022) (last visited September 25, 2023).

Ricks moved on May 1, 2023, for a transfer to home confinement.  *See* ECF No. 185.  Upon receiving the motion, the court construed it as a motion for compassionate release.  *See*

ECF No. 186.  The court denies the motion, as Ricks fails to establish extraordinary and compelling reasons justifying compassionate release.

**II.    GROUNDS FOR RELIEF.**

Ricks's compassionate release request seeks his transfer to home confinement.  ECF No. 185, PageID # 1014.  However, his request does not address whether and how the court has authority to provide the requested transfer.  He alludes to two potential bases for such authority, but neither actually authorizes the court to have him transferred to home confinement.

> **A.    The CARES Act Does Not Authorize This Court to Transfer Ricks to Home Confinement.**

In his motion, Ricks twice refers to § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which states: "During the covered emergency period,[1] if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau[2], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home

---

[1] The CARES Act defines "covered emergency period" as "the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) and ending on the date that is 30 days after the date on which the national emergency declaration terminates."  Pub. L. No. 116-136, § 12003(a)(2).

[2] The CARES Act Defines "Bureau" as the "Bureau of Prisons." Pub. L. No. 116-136, § 12003(a)(1).

confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." The first sentence of 18 U.S.C. § 3624(c)(2) states, "The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."

In enacting § 12003(b)(2), Congress expanded the authority of the Director of the Bureau of Prisons to transfer an individual to home confinement before the completion of a prison sentence. Ricks's repeated references to this provision suggest that he believes the court has authority under the CARES Act to make the BOP transfer him to home confinement. But § 12003(b)(2) does not authorize courts to order home confinement. *See United States v. Williams*, 829 F. App'x 138, 139 (7th Cir. 2020) ("The [CARES] act expanded the Bureau's power to 'place a prisoner in home confinement' under § 3624(c)(2), *see* CARES Act, § 12003(b)(2), but reserved the determination of 'suitable candidates' for home confinement to the Bureau. The act carved out no role for the courts in making such determinations." (citations omitted)); *United States v. Massey*, No. 17-CR-30039, 2021 WL 932005, at *2 (C.D. Ill. Mar. 11, 2021) ("the CARES Act does not give the courts any role in the Bureau of Prison's determination of suitable candidates for release to home confinement").

3

Instead, when faced with compassionate release motions, courts examine whether defendants present extraordinary and compelling reasons justifying early release. *See United States v. Crisp*, No. 1:11-CR-00026-JLT-1, 2022 WL 3448307, at *9 (E.D. Cal. Aug. 17, 2022) ("If the BOP's discretionary decision not to transfer an inmate to home confinement under the CARES Act was an extraordinary and compelling reason to grant compassionate release, every inmate denied by the BOP would be free to bypass the CARES Act while relying on the same denial as grounds for a different type of relief: compassionate release. As a result, not only could all potentially-ineligible inmates be released under 18 U.S.C. § 3582(c)(1)(A), the entire purpose of the CARES Act--and home confinement in general--would be defeated. The BOP's discretion would be worthless.").

Even if this court had authority under the CARES Act to order Ricks transferred to home confinement, such an order would not be justified. The BOP Director's emergency authorization to transfer incarcerated people to home confinement more than six months before their anticipated release date expired earlier this year. See CARES Act, Pub. L. No. 116-136, 134 Stat. 281, § 12003(b)(2) (2020) (indicating that the BOP Director's expanded authority does not extend beyond the "covered emergency period"); *see also* NATIONAL EMERGENCIES ACT, Pub. L. No. 118-3, 137 Stat. 6

4

(2023) (terminating the national emergency declaration related to the COVID-19 pandemic).

### B. *Torres v. Milusnic* Has No Bearing on This Court's Ability to Transfer Ricks to Home Confinement.

Ricks contends that his compassionate release request should be "reviewed under the 'Settlement' in *Torres v. Milusnic*." Ricks says he was previously housed at FCI Lompoc. ECF No. 185. *Torres* was a class action brought against prison officials, seeking habeas and injunctive relief for alleged unconstitutional conditions of confinement at FCI and USP Lompoc in violation of the Eighth Amendment. *See Torres v. Milusnic*, 472 F. Supp. 3d 713 (C.D. Cal. 2020). Ricks's reference to *Torres* may indicate that he believes the case provides a basis for this court to transfer him to home confinement. It does not. *Torres* concerned a different institution than that in which Ricks is currently housed and addressed conditions towards the beginning of the pandemic.

### C. The Court's Authority to Reduce Ricks's Prison Sentence Is Governed by 18 U.S.C. § 3582(c)(1)(A).

Because Ricks represents himself, the court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (*citing Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). Having determined that this court lacks

5

authority to have Ricks transferred to home confinement under the CARES Act or *Torres*, the court construes his filing as a motion for compassionate release because such a filing can in fact result in home confinement.[3]  Cf. *Smith v. Von Blanckensee*, No. CV 20-4642-JVS (JEM), 2020 WL 4370954, at *3 (C.D. Cal. July 2, 2020), *report and recommendation adopted sub nom. Smith v. Blanckensee*, No. CV 20-4642-JVS (JEM), 2020 WL 4368060 (C.D. Cal. July 30, 2020) (liberally construing a pro se movant's filing as a motion for compassionate release, even though it was labeled as a 28 U.S.C. § 2241 petition).

**III.    ANALYSIS.**[4]

Evaluating a compassionate release motion involves four distinct steps.  First, the court must consider whether Ricks has exhausted his administrative remedies or, alternately, whether 30 days have passed since he filed a compassionate relief request with the warden at his facility.  Second, the court must find that extraordinary and compelling reasons warrant a sentence

---

[3] If the court were to rule that Ricks satisfied the requirements of 18 U.S.C. § 3582(c)(1)(A), it could terminate his prison sentence and subject him to a term of supervised release not to exceed the unserved portion of his original term of imprisonment. Home confinement could theoretically be ordered as a condition of supervised release for a portion of that term.

[4] This is Ricks's third request for compassionate release.  He based his prior two requests on the threat of COVID-19.  ECF No. 140, 155.  This court denied both requests, concluding that he had not shown that extraordinary and compelling circumstances warranted a reduction of his sentence.  ECF No. 154, 178.

reduction.  Third, the court must find that such a reduction is consistent with any applicable Sentencing Commission policy statement.  Fourth, the court must consider whether, in light of the factors set forth in 18 U.S.C. § 3553(a), the particular circumstances of this case warrant the requested sentence reduction.  *See United States v. Chen*, 48 F.4th 1092, 1095 (9th Cir. 2022); *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (a district court "may deny compassionate release if a defendant fails to satisfy any of these grounds").

### A. Ricks Has Not Shown That He Took the Necessary Administrative Steps Before Filing This Motion.

Before turning to the merits of Ricks's motion, the court addresses whether Ricks filed a compassionate release request with the BOP and either exhausted his administrative appeal rights or waited 30 days to file this motion with the court.  18 U.S.C. § 3582(c)(1)(A).  The burden of showing administrative exhaustion lies with Ricks.  *See United States v. Van Sickle*, No. 18-0250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).  Having provided no information about administrative exhaustion of the claims raised in his request for compassionate release, Ricks fails to show that he satisfies the exhaustion requirement.  The court denies the motion on that basis.

That being said, the exhaustion requirement is a statutory claims-processing requirement, not a matter of subject-

7

matter jurisdiction.  *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).  Accordingly, the court has the option to proceed to the merits despite Ricks's failure to meet his burden.  *See United States v. Drummondo-Farias*, 460 F. Supp. 3d 1008, 1013 (D. Haw. 2020), *aff'd*, 855 F. App'x 417 (9th Cir. 2021).  In the interest of judicial efficiency, this court also examines the merits of Ricks's motion.[5]

### B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.

The court now turns to § 3582(c)(1)(A)'s second requirement--whether extraordinary and compelling reasons warrant a sentence reduction.  The statute places this determination within the court's discretion except that it requires the court's decision to be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  At this time, no applicable policy statements issued by the Sentencing Commission are in effect.[6]  Thus, the court's

---

[5] The Government has requested this course of action.  *See* ECF No. 189, PageID # 1030 ("The United States however requests that this Court proceed with an adjudication of Defendant's motion without an examination of the administrative exhaustion requirement.").

[6] The policy statement currently in effect does not reflect amendments made by the First Step Act.  Accordingly, the Ninth Circuit has found it inapplicable to motions filed by defendants under § 3582(c)(1)(A).  *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).  The Commission has since proposed new amendments that would address motions such as this one, but they are not in effect until November 1, 2023.  *See* 2023

8

discretion is not limited by any Sentencing Commission policy statements, but any applicable amendments to them may inform this court's discretion. *See United States v. Merkel*, No. CR 08-00160 SOM (02), 2023 WL 3570615, at *4 (D. Haw. May 19, 2023).

### C. Ricks Has Not Demonstrated That Extraordinary and Compelling Circumstances Warrant an Early Release.

There is no information in Ricks's motion suggesting that extraordinary or compelling reasons justify his early release. The only matters discussed in his motion that could possibly form the basis of such a decision are his health, his rehabilitation, his reentry plan, and the amount of time he has served. ECF No. 185. None of these reasons, taken alone or together, warrants compassionate release.

The Sentencing Commission's recently proposed amendments state that compassionate release may be warranted when "[t]he defendant is suffering from a medical condition that requires longterm or specialized medical care, without which the defendant is at risk of serious deterioration in health or death, that is not being provided in a timely or adequate manner." 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, pgs. 1–9, https://perma.cc/J7G3-58KM (last visited September 25, 2023). Nothing in Ricks's motion suggests that his health concerns come close to satisfying such a

---

Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, pgs. 1–9, https://perma.cc/J7G3-58KM (last visited September 25, 2023).

9

standard, particularly because the BOP appears to be treating him in a timely and adequate manner. In fact, this court previously determined that Ricks's medical conditions (hypertension, asthma, and obesity) were not sufficiently extraordinary or compelling to support his compassionate release. *See* ECF No. 178, PageID # 967 (Order Denying Ricks's Second Motion for Compassionate Release). Ricks's contention that he is also borderline diabetic does not change that analysis.

The record reflects that the BOP is timely and appropriately treating Ricks for the medical conditions raised in his motion. Ricks's medical records confirm that he suffers from asthma, for which he has been prescribed Albuterol. ECF No. 189-2, PageID #s 1042, 1045. He may also have high blood pressure, as indicated by the blood pressure readings in his medical records. Id., PageID # 1041 (blood pressure reading: 132/84). Ricks appears to have already been prescribed Lisinopril to address his blood pressure. ECF No. 189-2, PageID #s 1043. Ricks may also be prediabetic, at least as far as indicated by the records from January 25, 2022. *Id.*, PageID # 1042 (showing an A1C, or average blood sugar level, of 6.1); see also Diabetes Tests, Centers for Disease Control and Prevention (viewed on July 5, 2023), https://perma.cc/BG9X-THEG (detailing that an A1C between 5.7 and 6.4 is indicative of prediabetes). BOP medical staff submitted a laboratory request,

10

due on July 3, 2023, to evaluate Ricks's current blood sugar levels.  ECF No. 189-2, PageID # 1043.  Given the BOP's treatment of Ricks's medical conditions, the court continues to view Ricks's medical conditions as not amounting to extraordinary or compelling reasons justifying his early release.

In addition to discussing his health concerns, Ricks's motion also highlights his rehabilitative efforts, his reentry plan, and the time he has already spent in prison.  These factors do not convince the court that extraordinary or compelling reasons warrant compassionate release.  The court agrees with the Sentencing Commission that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for" compassionate release.  U.S.S.G. § 1B1.13 Application Note 3 (U.S. Sent'g Comm'n 2021); 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, pgs. 1-9, https://perma.cc/J7G3-58KM.

Nor do Ricks's reentry plans or the time already spent in prison cause this court to order early release.  Certainly, if the court were to find that compassionate release were justified, it would then consider his reentry plan and time spent in prison when evaluating whether early release aligned with the factors set out in 18 U.S.C. § 3553(a).  For instance, Ricks's reentry plan could factor into the court's evaluation of whether his early release would jeopardize public safety.  *See* 18 U.S.C.

11

§ 3553(a)(2)(c).  Similarly, the amount of time he has already spent in prison would factor into the court's analysis of whether the sentence, if reduced, would still adequately reflect the seriousness of his offense, promote respect for the law, and provide just punishment for the offense.  18 U.S.C. § 3553(a)(2)(A).  However, because Ricks has not shown any circumstance justifying his early release, the 18 U.S.C. § 3553(a)(2)(A) analysis alone does not justify early release.  His reentry plan and the duration of his incarceration do not affect the court's decision.

**IV.     CONCLUSION.**

Finding no extraordinary and compelling reasons justifying Ricks's early release, the court denies his third motion seeking early release from prison.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 25, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. Bobby Ricks, Jr.*, Cr. No. 15-00132 SOM; ORDER DENYING DEFENDANT'S THIRD MOTION FOR COMPASSIONATE RELEASE.