```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

                                )   CR. NO. 15-00132 SOM
UNITED STATES OF AMERICA,       )
                                )   ORDER DENYING DEFENDANT'S
         Plaintiff,             )   AMENDMENT 821 MOTION
                                )
                                )
         vs.                    )
                                )
                                )
BOBBY RICKS, JR.,               )
                                )
         Defendant.             )
_____ )
```

**ORDER DENYING DEFENDANT'S AMENDMENT 821 MOTION**

I.    **INTRODUCTION.**

On September 28, 2015, Defendant Bobby Ricks, Jr., pled guilty to one count of distributing 500 grams or more of cocaine and one conspiracy count based on the underlying distribution offense.  *See* ECF No. 104.

Given the amount of drugs involved, Ricks's base level offense was 38.  He received four additional levels pursuant to USSG § 3B1.1(a) because he was the organizer or leader of a criminal activity that involved 5 or more participants or was otherwise extensive.  He also received two additional levels pursuant to USSG § 3C1.1 because he willfully obstructed or impeded the administration of justice (or attempted to do so).  Two levels were subtracted pursuant to USSG § 3E1.1 for acceptance of responsibility.  This meant Ricks had a Total Offense Level of 42.  *See* Presentence Investigation Report, ECF

No. 118, PageID #s 263-64; Statement of Reasons, ECF No. 126, PageID # 371 (noting that the court adopted the Presentence Investigation Report without change).

Pursuant to USSG § 4A1.1(c), Ricks received one criminal history point for a 2007 conviction of driving with a suspended or revoked license in Case No. CC786446 that resulted in a two-year probation sentence.  Pursuant to USSG § 4A1.1(c), Ricks also received one criminal history point for a 2009 conviction for driving with a suspended or revoked license in Case No. SM366301A that resulted in an 18-month probation sentence.  These two criminal history points placed Ricks in a Criminal History Category of II.  *See* Presentence Investigation Report, ECF No. 118, PageID #s 265-66; Statement of Reasons, ECF No. 126, PageID # 371 (noting that the court adopted the Presentence Investigation Report without change).

Ricks was subject to a statutory minimum term of imprisonment of 10 years.  *See* 21 U.S.C. § 841(b)(1)(A).  Based on a Total Offense Level of 42 and a Criminal History Category of II, his guideline range was 360 years to life.  In February 2016, the court departed downward from this guideline range, sentencing Ricks to 200 months of imprisonment, 5 years of supervised release, and a $200 special assessment.  *See* ECF Nos. 122, 125.  Ricks has served about half of that sentence, is being housed at Danbury FCI, and has a projected release date of September 10,

2028.  *See* https://www.bop.gov/inmateloc/ (input Register Number 16026-022) (last visited April 16, 2024).

On February 1, 2024, Ricks moved for a reduced sentence pursuant to Amendment 821 to the Sentencing Guidelines, 88 F.R. 60534-36 (Sept. 1, 2023), a guideline amendment that provides for reduced guideline ranges.  That motion is denied.

**II.     GROUNDS FOR RELIEF.**

Under 18 U.S.C. § 3582(c)(2), this court may modify a term of imprisonment as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has amended USSG § 1B1.10 to provide for a reduction in certain terms of imprisonment as a result of amended guideline ranges provided for in Amendment 821, effective February 1, 2024.

Subpart A of Amendment 821 limits the overall criminal history impact of a "status point."  Under the former USSG § 4A1.1(d), two points were added when a defendant committed an offense while under any criminal justice sentence, including

3

probation, parole, supervised release, imprisonment, work release, or escape status.  Ricks did not receive any "status points" under USSG § 4A1.1(d), making Subpart A of Amendment 821 inapplicable.

Subpart B of Amendment 821 created a new Chapter Four guideline, USSG § 4C1.1 (Adjustment fo Certain Zero-Point Offenders), to provide for a decrease of two offense levels for defendants who meet its requirements, including having no criminal history points pursuant to chapter 4, part A.  Ricks appears to be seeking a reduction of his sentence pursuant to Subpart B of Amendment 821.  However, he does not meet its requirements.

Ricks argues that the 2009 driving with a suspended or revoked license conviction in Case No. SM366301A was expunged pursuant to Section 1203.4 of the State of California Penal Code, which is substantively the same today as it was in 2016, when Ricks was sentenced.  Pursuant to USSG § 4A1.2(j), sentences for expunged convictions are not counted when computing criminal history points.  However, it is not at all clear that Rick's 2009 conviction was expunged.  The docket attached to Ricks's motion shows that he petitioned for dismissal of the charge pursuant to section 1203.4 in September 2015 and that an order granting that motion and dismissing the charge was entered in November 2015.  Comment 10 to USSG § 4A1.2 notes that a number of jurisdictions

4

have procedures pursuant to which convictions may be set aside for reasons unrelated to innocence or errors of law.  Comment 10 indicates that sentences resulting from such convictions are counted in determining criminal history points.  Section 1203.4 dismissals appear to fall within convictions countable under Comment 10.  *See United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008) ("convictions set aside pursuant to Cal. Penal Code § 1203.4 are not 'expunged' for purposes of U.S.S.G. § 4A1.2(j)"); *United States v. Hayden*, 255 F.3d 768, 774 (9th Cir. 2001) ("A conviction set aside pursuant to California Penal Code section 1203.4 is not 'expunged' under Sentencing Guideline § 4A1.2(j)."); *Milan v. United States*, 57 F. Supp. 3d 571, 582 (E.D. Va. 2014) ("it clear that the § 1203.4 dismissals of petitioner's two California convictions fall squarely within the state procedures described in Application Note 10").

In relevant part, section 1203.4 provides that defendants who have fulfilled the conditions of probation may seek to withdraw a guilty or nolo contendere plea or to have a conviction set aside and the charges dismissed.  "However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."  *Id.*  Thus, it is not at all clear that it was improper to count Ricks's 2009 conviction

5

when computing his criminal history points.

If the court improperly included Ricks's 2009 conviction in determining his criminal history, he should have appealed that portion of his sentence, as the dismissal of his 2009 conviction occurred before his sentencing.  Ricks pled guilty without a plea agreement and therefore had no impediment to such an appeal.  *See* ECF No. 104 (indicating that there was no memorandum of plea agreement).  Nor did Ricks raise the expungement issue in his § 2255 motion.  *See* ECF No. 135.

In any event, even assuming that Ricks should not have received one criminal history point for his 2009 conviction, he is not eligible for relief under USSG § 4C1.1, which is subpart B of Amendment 821.  To qualify for such relief, Ricks must meet all ten criteria in it.  He does not do so.  The record indicates that pursuant to USSG § 4A1.1(c), Ricks had one criminal history point arising out of a 2007 conviction for driving with a suspended or revoked license in Case No. CC786446 that resulted in a two-year probation sentence.  Ricks does not contend that his 2007 conviction was also expunged.  The one criminal history point arising out of Ricks's 2007 conviction means that Ricks does not satisfy USSG § 4C1.1(a)(1), requiring no criminal history points under USSG Chapter 4, Part A.  Ricks also fails to satisfy USSG § 4C1.1(a)(10), as he received a four-level adjustment pursuant to USSG § 3B1.1(a) because he was the

6

organizer or leader of a criminal activity that involved 5 or more participants or was otherwise extensive. Ricks is therefore ineligible for relief under USSG § 4C1.1(a).

### III.   CONCLUSION.

Ricks's request for a reduction of his sentence is denied. In denying that request, the court recognizes that Ricks has had more than his share of challenges and trauma throughout his life, as described in his letter dated April 10, 2024. *See* ECF No. 212. This court hopes Ricks can be an inspiration to other inmates for the remainder of his sentence and encourages him to continue to make positive strides.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 18, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. Bobby Ricks, Jr.*, Cr. No. 15-00132 SOM; ORDER DENYING DEFENDANT'S AMENDMENT 821 MOTION.

7